IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 11-00937 SOM |
| | ) | Civ. No. 15-00052 SOM/RLP |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PETITION TO |
| vs. | ) | VACATE, SET ASIDE, OR CORRECT |
| | ) | SENTENCE UNDER 28 U.S.C. |
| DAVID VERDEN WILLIAMS, JR., | ) | § 2255; ORDER DENYING MOTIONS |
| | ) | FOR REDUCTION OF SENTENCE AND |
| | ) | FOR PLACEMENT IN A MEDICAL |
| Defendant. | ) | CENTER; ORDER DECLINING TO |
| | ) | ISSUE A CERTIFICATE OF |
| | | APPEALABILITY |

**ORDER DENYING PETITION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255;
ORDER DENYING MOTIONS FOR REDUCTION OF
SENTENCE AND FOR PLACEMENT IN A MEDICAL CENTER;
ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

I.        INTRODUCTION.

        Before this court are three motions by Defendant David

Verden Williams, Jr.  See ECF Nos. 106 and 126 (two motions

seeking a reduction of his sentence and placement in a medical

center); and ECF No. 107 (Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence By a Person in Federal

Custody).  The court denies the § 2255 motion without a hearing

pursuant to 28 U.S.C. § 2255(b), which states that a district

court may deny § 2255 motion when the court's files and records

"conclusively show that the prisoner is entitled to no relief").

The court denies the motions for reduction of sentence and

placement in a medical facility without a hearing pursuant to

Local Rule 7.2(d), which states that "the court, in its

discretion, may decide all matters . . . without a hearing".
The court also declines to issue a certificate of appealability.

## II.        BACKGROUND.

The crux of the motions filed by Williams is that he
was sentenced based on a guilty plea he claims he gave while
incompetent.  The history of the competency issued is therefore
important here.

On September 12, 2011, a criminal complaint was filed
asserting that Williams had robbed a bank.  See ECF No. 1.

On September 20, 2011, counsel for Williams filed a
Motion for Judicial Determination of Mental Competency of the
Accused.  See ECF No. 8.

The next day, Williams was indicted.  See ECF No. 10.

On September 29, 2011, the court issued an order
directing a mental examination of Williams to determine his
competency and sanity.  See ECF No. 16.

On January 27, 2012, the court received a psychiatric
report that stated:

> Based on the information available, there is
> objective evidence to indicate that Mr.
> Williams may suffer from a Psychotic
> Disorder, NOS, however this could not be
> properly evaluated due to his attempts to
> distort the evaluation.  Mr. Williams'
> actions were suggestive of a deliberate
> attempt to evade criminal prosecution by
> claiming severe mental impairment.

ECF No. 19, PageID # 66.  The report further stated, "Overall, his inability and/or unwillingness to cooperate in the legal proceedings appear to be mostly volitional in nature and not the product of a genuine mental illness."  Id., PageID # 67.  The addendum received by the court the same day similarly concluded that "Williams' presentation and self-report during the evaluation are suggestive of a deliberate attempt to evade criminal prosecution by claiming severe mental impairment. . . . Overall, the available evidence indicates that he was able to appreciate the nature, quality or wrongfulness of his actions during the time period of the alleged offense."  See ECF No. 20, PageID # 72.

On February 2, 2012, the court held a further hearing with respect to Williams's mental competency.  See ECF No. 21. The following day, the court issued a written order that committed Williams for further mental examination on the ground that the court could not rule out the possibility that Williams was, in fact, incompetent to stand trial.  See ECF No. 23.

On August 28, 2012, the court received a letter indicating that, in the opinion of Lee Ann Preston Baecht, Ph.D., Williams was not competent to stand trial.  See ECF No. 41.

On January 22, 2013, the court received a Certificate of Competency, indicating that Williams's competency had been restored and that he was "able to understand the nature and

3

consequences of the proceedings against him and to assist
properly in the defense of the claims brought against him."  ECF
No. 49, PageID # 193.  At a status conference on January 25,
2013, the court ruled that Williams was competent to stand trial.
See ECF No. 50.

On March 20, 2013, pursuant to a plea agreement,
Williams pled guilty to one count of bank robbery in violation of
18 U.S.C. § 2113(a).  See ECF Nos. 68, 69.  In the plea
agreement, Williams waived his right to appeal

> any sentence within the maximum provided in
> the statute of conviction or the manner in
> which that sentence was determined on any of
> the grounds set forth in Section 3742, or on
> any ground whatever, in exchange for the
> concessions made by the prosecution in this
> plea agreement.

ECF No. 69, PageID # 256.  Williams, however, retained the right
to appeal any portion of his sentence "greater than specified in
[the] guideline range and the manner in which that portion was
determined under Section 3742."  Id., PageID # 257.

In the plea agreement, Williams also waived his right
to challenge his sentence or the manner in which it was
determined in any collateral attack, including via a motion under
28 U.S.C. § 2255, with the exception of claims that his sentence
exceeded the guideline range and claims based on ineffective
assistance of counsel.  See id.

4

On October 7, 2013, this court sentenced Williams to a term of imprisonment of 151 months, followed by 3 years of supervised release.  <u>See</u> ECF No. 77.  Given his designation as a career offender for guideline purposes, 151 months was the bottom of the advisory guideline range.  Williams was also ordered to pay restitution of $1,833.87, and a special assessment of $100.00.  <u>See</u> <u>id.</u>  Judgment was entered on October 11, 2013.  <u>See</u> ECF No. 79.

Williams timely appealed.  Williams's counsel, Andrew T. Park, filed an <u>Anders</u> Brief, stating that he had "conscientiously reviewed the record" and "believe[d] that there are no issues to appeal and that the appeal is frivolous."  <u>See</u> U.S. Court of Appeals for the Ninth Circuit, No. 13-10544, Docket No. 5-1, ID No. 8984235.

On April 1, 2014, Williams filed what he called his "supplemental opening brief."  <u>See</u> U.S. Court of Appeals for the Ninth Circuit, No. 13-10544, Docket No. 12-1, ID No. 9048370. That brief states:

> I was incompetent at all court proceedings having audible and visual Hallucinations as well as insane at the time of the crime.  I am on antipsychotic meds now recovering.  I would like to see the arraignment and pleading done with proper counsel.  Please appoint counsel and remand this case for trial.

<u>Id.</u>

5

In a letter filed with the Ninth Circuit on July 23, 2014, Williams claimed that there was "a guard at Halawa prison who used chemicals in a food tray."  <u>See</u> U.S. Court of Appeals for the Ninth Circuit, No. 13-10544, Docket No. 22, ID No. 9181031.

On July 29, 2014, the Ninth Circuit filed a memorandum disposition, ruling:

> Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to Williams's conviction.  We accordingly affirm Williams's conviction.
>
> Williams has waived the right to appeal his sentence.  Because the record discloses no arguable issue as to the validity of the sentencing waiver, we dismiss Williams's appeal as to his sentence.  *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).

<u>See</u> U.S. Court of Appeals for the Ninth Circuit, No. 13-10544, Docket No. 23-1, ID No. 9184990.

On February 25, 2015, Williams timely filed a § 2255 petition.  <u>See</u> ECF No. 107.  The petition claims (1) that Williams received ineffective assistance of counsel, (2) that he was mentally incompetent at the time he committed the bank robbery, and (3) that he was mentally incompetent at the time he signed the plea agreement.  <u>See</u> <u>id.</u>, PageID #s 462-63.  On February 25, 2015, Williams also filed a motion for reduction of his sentence.  <u>See</u> ECF No. 106.  That motion asks that his

sentence be reduced to five years of imprisonment to be served at a United States Medical Center and asserts that other inmates have endangered his life because of the outward manifestations of his mental illness.  See id., PageID #s 456-57.  Williams also claims that the guideline sentencing range was erroneous because it considered a warrant in San Diego for a probation violation that was subsequently dismissed.  See id., PageID # 457.  On June 4, 2015, Williams filed a second motion for reduction of sentence, asserting similar grounds.  See ECF No. 126.

On April 23, 2015, the Government filed a response, arguing that Williams's § 2255 petition is procedurally barred. See ECF No. 123, PageID #s 521-22.  The Government also argues that the guideline sentencing range was properly calculated.  See id., PageID #s 529-32.

On July 30, 2015, Williams filed a reply, renewing the arguments made in his § 2255 petition and his motions for reduction of his sentence.  See ECF No. 132.

Because Williams's § 2255 petition and his motions for reduction of his sentence are brought on similar bases, the court addresses both the § 2225 petition and the motions in a single order.

IV.         **ANALYSIS.**

    A.   **Williams's § 2255 Petition.**

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. There are some general rules regarding what kinds of claims can and cannot be raised in a § 2255 petition.

For example, a § 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal. As the Ninth Circuit stated in <u>Olney v. United States</u>, 433 F.2d 161, 162 (9th Cir. 1970), "Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255." <u>See</u> <u>also</u> <u>United States v. Currie</u>, 589 F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding").

In Claim 1 of his § 2255 motion, Williams claims that his court-appointed counsel, Andrew T. Park, was ineffective in defending him. Williams says Park failed to pursue Williams's request to plead not guilty by reason of insanity. <u>See</u> ECF No. 107, PageID # 462. Williams claims that his attorney "never

8

really discussed the case with [him] while [he] was housed at the Honolulu [Federal Detention Center]." <u>See</u> ECF No. 112, PageID # 484.  He also claims that he was drugged by guards at Federal Detention Center Honolulu who allegedly put chemicals in his food.  <u>See</u> ECF No. 107, PageID # 462.

In Claim 2 of the § 2255 motion, Williams says that he was mentally incompetent at the time he signed his plea agreement.  <u>See</u> ECF No. 107, PageID # 463.  He also says that he was "Mentally Ill during all court proceedings and especially ill when [he] took and signed plea agreement."  <u>Id.</u>, PageID # 468.

In his "Clarification to 2255 'Ground One,'" Williams says that he was poisoned at the time he signed his plea agreement because "correctional officers were tampering with [his] food[,]" and that he was "fed food with some kind of chemical in it."  ECF No. 118, PageID # 503.

### 1.  Counsel Was Not Ineffective.

Williams claims that Park was ineffective because he failed "to go with [Williams's] wishes to plead not guilty by reason[] of insanity."  ECF No. 107, PageID # 462.  To establish ineffective assistance of counsel, Williams must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  There is "a strong presumption" that counsel's conduct was reasonable and that

counsel's representation did not fall below "an objective
standard of reasonableness" under "prevailing professional
norms." Id. at 688.  Even if a petitioner can overcome the
presumption of effectiveness, the petitioner must still
demonstrate a "reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have
been different." Id. at 694.  Because "[i]t is all too tempting
for a defendant to second-guess counsel's assistance after
conviction," judicial scrutiny of counsel's performance is highly
deferential.  Id. at 689.

        Williams' counsel was not ineffective based on a
refusal to pursue an insanity defense.  Williams himself told the
court that it was his wish to plead guilty pursuant to the plea
agreement.  On March 20, 2013, Williams's attorney told the court
that every time he tried to visit Williams, Williams refused to
see him.  See ECF No. 85, PageID # 345.  This caused the court to
ask Williams whether he was satisfied with Park's representation.
See id., PageID # 345-46.  Williams stated that he was not
dissatisfied with his counsel, but that his preference was to
represent himself.  See ECF No. 85, PageID # 345-46.  He then
stated, "I'll keep the attorney.  I'll plead guilty.  Thank you."
Id., PageID # 347.  Williams reiterated numerous times that he
wished to keep his counsel and to plead guilty to the charge.
See id., PageID #s 349, 351, 353, 354.

                              10

The court took a break to allow Williams to speak with
his attorney about the plea agreement.  After the break, Park
indicated that he had gone over the plea agreement with Williams,
that Williams had read the agreement, and that he and Williams
had signed it.  See id., PageID # 352.  Williams confirmed for
the court that he had read the plea agreement and had reviewed it
with his attorney.  Id., PageID # 357.  Under oath, Williams
stated that he was pleading guilty of his own free will because
he was, in fact, guilty of bank robbery.  Id., PageID # 359.  The
court's discussion with Williams negates Williams's contention
that his attorney was ineffective in failing to pursue an
insanity defense.

### 2.   Williams's Incompetency and Poisoning Claims are Procedurally Barred.

In his § 2255 motion, Williams claims that he was
incompetent during all court proceedings.  This claim is
procedurally barred.  See Currie, 589 F.2d at 995; Olney, 433
F.2d at 162.

The court conducted a lengthy investigation into
Williams's competency.  On September 26, 2011, the Magistrate
Judge ordered an evaluation of Williams's competency.  See ECF
Nos. 14, 16.  Thereafter, the court reviewed reports relating to
Williams's mental health.  See ECF Nos. 19, 20, 41, 49.  The
court then determined that Williams was competent at the time he

committed the offense and was able to understand the proceedings
and charges against him.  See ECF No. 50.

On appeal, Williams argued in his supplemental opening
brief:

> I was incompetent at all court
> proceedings having audible and visual
> Hallucinations as well as insane at the time
> of the crime.  I am on antipsychotic meds now
> recovering.  I would like to see the
> arraignment and pleading done with proper
> counsel.  Please appoint counsel and remand
> this case for trial."

U.S. Court of Appeals for the Ninth Circuit, No. 13-10544, Docket
No. 12-1, ID No. 9048370.

In a letter filed with this court and forwarded to the
Ninth Circuit, Williams complained about "a guard at Halawa
prison who used chemicals in a food tray."  See U.S. Court of
Appeals for the Ninth Circuit, No. 13-10544, Docket No. 22, ID
No. 9181031.

On July 29, 2014, the Ninth Circuit filed a memorandum
disposition, stating that its "independent review of the record
pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), discloses no
arguable grounds for relief as to Williams's conviction.  We
accordingly affirm Williams's conviction."  See U.S. Court of
Appeals for the Ninth Circuit, No. 13-10544, Docket No. 23-1, ID
No. 9184990.

Because Williams's incompetency and poisoning arguments
were before the Ninth Circuit when it ruled on his direct appeal,

he is procedurally barred from raising those rejected arguments in this § 2255 motion.  See Currie, 589 F.2d at 995; Olney, 433 F.2d at 162.

There being no other justification for this court to vacate, set aside, or correct Williams's sentence under § 2255, this court denies Williams's § 2255 petition.

## B.  Williams's Motions for Reduction of His Sentence Are Denied.

In two separate motions, Williams moves for a reduction of his sentence.  See ECF Nos. 106, 126.  Generally, a district court may not alter a term of imprisonment once it is imposed. See United States v. Morales, 590 F.3d 1049, 1050 (9th Cir. 2010) (citing United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2008)).  "[A] district court does not have inherent power to re-sentence defendants at any time."  United States v. Ceballos, 671 F.3d 852, 854 (9th Cir. 2011) (quoting United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997)).  Instead, a district court's ability to reduce a defendant's sentence "must flow either from the court of appeals mandate or from Federal Rule of Criminal Procedure 35" or "derive from some federal statutory authority." Ceballos, 671 F.3d at 854.  For example, under Rule 35, a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error." id.  A district court may also reduce a sentence when a sentencing range has

13

subsequently been lowered by the U.S. Sentencing Commission.  See 18 U.S.C. § 3582(c)(2).

The court sentenced Williams to a term of imprisonment of 151 months, based on a total offense level of 29 and a criminal history category of VI, giving him a guideline range of 151 to 188 months.  See Transcript of Sentencing Proceeding, ECF No. 86, PageID #s 400-01, 410; Presentence Investigation Report, ECF No. 78, PageID # 292.  At the sentencing hearing, Williams's attorney stated that Williams had instructed his attorney "that he did not want me to file any objections" to the Presentence Investigation Report, which described Williams as a career offender under the guidelines.  The court then adopted the report.  See ECF No. 86, PageID # 400.

Williams now claims that his criminal history category was incorrectly calculated because of an outstanding warrant on a probation violation that was subsequently dismissed.  See ECF No. 106, PageID # 457.  The outstanding warrant resulted in a two-point increase in Williams's criminal history score from a 7 to a 9.  Regardless of whether his criminal history score was a 7 or a 9, he would have been in criminal history category IV.  See ECF No. 78, PageID # 286 (citing United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(d) and sentencing table in U.S.S.G. Chapter 5, Part A).  However, Williams's status as a career offender ultimately placed him in criminal history category VI regardless

14

of whether his original placement in category IV was based on a criminal history score of 7 or 9.  See U.S.S.G. § 4B1.1 ("A career offender's criminal history category in every case under this subsection shall be Category VI"); ECF No. 78, PageID # 286. Therefore, even if consideration of the outstanding warrant was erroneous, which this court is not finding, the proper sentencing range would have remained 151 to 188 months.

Williams also argues that his life is in danger in prison and that his sentence is "too severe for the crime[,]" ECF No. 106, PageID # 456, and constitutes "cruel and unusual punishment for a note bank robbery[,]" ECF No. 126, PageID # 575. His sentence fell at the bottom of the advisory guideline range of 151 to 188 months.  This sentence was affirmed by the Ninth Circuit, and Williams refers to no persuasive authority warranting or authorizing a reduction at this time.

Williams does not argue that the sentencing range has been lowered by the U.S. Sentencing Commission.  See Morales, 590 F.3d at 1051 (holding that subsequent reduction in sentencing range by U.S. Sentencing Commission may authorize reduction in sentence).  This court now denies Williams's motions.

With respect to Williams's claim that his life is in danger, the court refers Williams to his prison case manager or to the prison warden.  Williams makes no claim that any danger to him flows from either of those individuals, so he may presumably

safely raise with them his security concerns.  Quite apart from
the issue of whether such claims have been administratively
exhausted, a matter the court recognizes is typically the subject
of an affirmative defense rather than of a defendant's
assertions, any such claims fall outside the sweep of § 2255.

> ### C.   Williams's Motion for Placement in a United States Medical Center is Denied.

Williams requests that he be placed in a United States
Medical Center so that he may receive additional treatment for
his mental illness.  See ECF No. 106, PageID # 457.  This court
lacks the authority to order the Bureau of Prisons to place a
defendant in a particular facility.  "The Bureau of Prisons has
the statutory authority to choose the locations where prisoners
serve their sentence."  United States v. Ceballos, 671 F.3d 852,
855 (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall
designate the place of the prisoner's imprisonment.")).

In the Judgment, the court recommended that Williams
receive mental health treatment while serving his prison
sentence.  See ECF No. 79, PageID # 308.  Although the Bureau of
Prisons considers a court recommendation as to the correctional
facility in which a defendant is to serve his sentence, such a
recommendation is not binding.  See Ceballos, 671 F.3d at 855.
"[A] district court's recommendation to the Bureau of Prisons is
just that – a recommendation."  Id. at 856.  Because this court
cannot require the Bureau of Prisons to place Williams in any

16

particular facility, the court denies Williams's request for
assignment to a medical facility.

> ### D.   The Court Declines to Issue a Certificate of Appealability.

The court also declines to grant Williams a certificate
of appealability.  An appeal may not be taken to the court of
appeals from a final order in a § 2255 proceeding "[u]nless a
circuit justice or judge issues a certificate of appealability."
28 U.S.C. § 2253(c)(1)(B).  The court shall issue a certificate
of appealability "only if the applicant has made a substantial
showing of the denial of a constitutional right."  28 U.S.C.
§ 2253(c)(2).  When a district court denies a § 2255 petition on
the merits, a petitioner, to satisfy the requirements of section
2253(c)(2), "must demonstrate that reasonable jurists would find
the district court's assessment of the constitutional claims
debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484
(2000).  When, however, a

> district court denies a habeas petition on
> procedural grounds without reaching the
> prisoner's underlying constitutional claim, a
> [certificate of appealability] should issue
> when the prisoner shows . . . that jurists of
> reason would find it debatable whether the
> petition states a valid claim of the denial
> of a constitutional right and that jurists of
> reason would find it debatable whether the
> district court was correct in its procedural
> ruling.

Id.

No reasonable jurist would find this court's assessment of the merits of William's constitutional claims debatable or wrong.  Nor would any reasonable jurist determine that the procedural grounds for denying Williams's § 2255 motion are debatable.

V.        **CONCLUSION.**

For the foregoing reasons, the court denies Williams's two motions seeking a reduction of his sentence and placement in a medical center, ECF Nos. 106 and 126, and his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, ECF No. 107.  The court declines to issue a Certificate of Appealability.

The Clerk of the Court is directed to enter judgment against Williams and to terminate the pending matters in this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 12, 2015.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States vs. David Verden Williams, Jr., Crim. No. 11-00937 SOM; Civ. No. 15-00052 SOM/RLP; ORDER DENYING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255; ORDER DENYING MOTIONS FOR REDUCTION OF SENTENCE AND FOR PLACEMENT IN A MEDICAL CENTER; ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY